IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUITS

APPEAL NO.: 25-40073

UNITED STATES OF AMERICA

V.

OLAMIDE OLATAYO BELLO

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF TEXAS

U.S.D.C NO.: 4:23CR136(1)

APPELLANT'S OPENING BRIEF

MR. OLAMIDE OLATAYO BELLO
#65100510
FANNIN COUNTY JAIL
2389 SILO ROAD
BONHAM, TX 75418

PRO SE REPRESENTATION

1

NO.: 25-40073

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA

V.

OLAMIDE OLATAYO BELLO

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE

Mr. Olamide Olatayo Bello, a Pro Se Appellant, presents and
certifies for the record of this Honorable Court that the following
listed persons and entities have an interest in the outcome of
this appeal. This Certificate complies with the Federal Rules of
Appellant Procedure, Rule 26.1

Mr. Olamide Olatayo Bello, the appellant

Hon. Judge Amos L. Mazzant III, United States District Judge

Hon. Judge Bill Davis, United States Magistrate Judge

Mr. Jeffrey Sean Taylor, Assistant United States Attorney

Respectfully Submitted on the 7 day of July 2025

Mr. Olamide Olatayo Bello

11

NO ORAL ARGUMENT
REQUIRED

UNITED STATES COUR OF APPEALS

FIFTH CIRCUIT

NO.: 24-40569

Bello V. USA

USDC CIV NO.:424

# Contents

| | |
|---|---|
| APPELANT'S OPENING BRIEF | I |
| CERTIFICATE OF INTERESTED PERSON AND | |
| CORPORATE DISCLOSURE | II |
| STATEMENT REGARDING ORAL ARGUMENT | iii |
| TABLE OF AUTHORITIES | ~~IV~~ V |
| STATEMENT OF JURISDICTION | 1 |
| STATEMENT OF THE ISSUES | 2 |
| STATEMENT OF THE CASE | 3 |
| STATEMENT OF FACTS | 4 |
| SUMMARY OF THE ARGUMENTS | 5 |
| ISSUE 1 | 6 |
| CONCLUSION | 18 |
| CERTIFICATE OF SERVICE | 18 |
| CERTIFICATE OF COMPLIANCE | N/A |

Authorities Pages

Arthur Anderson & Co., v. Finesilver,
  546 F. 2d                                **6**

United States v. Cavazos,
  668 F. 3d 190, 193 (5th Cir. 2012)     10

United States v. Steward,
  729 F. 3d 517, 526 (6th Cir. 2013)     13

United States v. Williams,
  30 F. 4th 263                        9

Ruby V. Secretary Of U.S Navy,
  365 F. 2d                                6

United States v. Wise,
  877 F. 3d 209, 215 (5th Cir. 2017)     9

Constitutional Provisions

First Amendment
Fourth Amendment
Fifth Amendment due Process clause
Fourteenth Amendment

United States Code

18 U.S.C §§ 1349, 1956(h), 3731
28 U.S.C §§ 1651, 2241, 1291, 2243, 2255(e)

Rules

Federal Rules of Appellate Procedure, Rule 10(b)(1), 28(a)(8)(A)
Federal Rules of Evidence Rule 403, 404(b)
Federal Prosecution Appeals of Mid-trial Evidentiary
Rulings, 99 YALE, L.J. 905, 912 (1990)

APP. NO.:

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

## UNITED STATES OF AMERICA
### V.
### OLAMIDE OLATAYO BELLO

## APPELLANT'S OPENING BRIEF

Mr. Olamide Olatayo Bello respectfully files this Appellant's Opening Brief, in Pro Se, seeking to vacate the convictions/ sentencing, remanded the case for the entry of judgements of acquittal, and for an immediate release from the custody.

1.

## STATEMENTS OF JURISDICTION

Jurisdiction of this Court is invoked under 28 U.S.C §§ 1291, 2241, 2243, and 2255(e)

## STATEMENT OF THE ISSUES ~~CASE~~

Whether the district Court abuse its discretion by ruling on Fourth, Fifth, and Fourteenth Amendment pretrial Motions about Six(6) days before the Jury Trial?

Mr. Olamide Olateyo Bello believes it did

## STATEMENT OF THE CASE

The Appellant file Interlocutory appeal Of Pretrial Fourth, Fifth, and Fourteenth Amendment ruling, ROA·25-40073·2308 On or about February 10, 2025 (02|10|2025) from the district Court improper denial of his Motions, ROA·25-40073·· 553, 955, 965, 998, 1361), Interlocutory Appeal number 25-40073

The Court Of Appeal For the Fifth Circuit dismissed the Interlocutory Appeal Number 25-40073 on or about March 28, 2025 (03|28|2025) for want Jurisdiction, ROA·25-40073·2362

The Court Of Appeal For the Fifth Circuit grant the Appellant's Motion and reinstate the Appeal on or about April 23, 2025 (04|23|2025)

This brief Follows

## STATEMENT OF THE FACTS

The Appellant was charged with Conspiracy to Commit Wire Fraud in Violation of 18 U.S.C §1349, and Conspiracy to Commit Money Laundering in Violation of 18 U.S.C §1956(h) in the First Superseding Indictment after over 450-days in detention and less than 30-days before the trial, ROA.25-40073.1079

Appellant filed Fourth, Fifth, and Fourteenth Amendment Motions, ROA.25-40073..553,955,965,998,1361), on or about December 5,2024 (12/05/2024)

The district Court rule on the Fourth, Fifth, and Fourteenth Amendment Motions, ROA.25-40073..553,955,965,998,1361), on or about January 7,2025 (01/07/2025), ROA.25-40073..1884, 2039,2280)

The district Court proceed to trial on or about January 13,2025 (01/13/2025), and find the Appellant's guilty on January 16,2025 (01/16/2025) of the two Counts.

The Appellant's Mail Correspondence tu/Fro the Court takes average of two (2) weeks on any Claim/redress

The Appellant filed Notice of Appeal on Febuary 10,2025 (02/10/2025)

5f

## SUMMARY OF THE ~~ISSUES~~/ARGUMENT

First, the Appellant argues that the district court abuse its discretion by proceeding to trial after six (6) days ruling on fourth, fifth, and fourteenth amendment motions relying on Pertinent part of the first Amendment to the united states Constitution that, " Congress shall make no law --- abridging the freedom ... to petition the government for a redress of grievance

Second, the Appellant argues that the district court abuse its discretion by proceeding to trial after six (6) day ruling on Fourth, Fifth, and Fourteenth amendment motions rely on Pertinent part of the fifth Amendment to the United States Constitution, TO WIT: "No person shall be --- deprived of life, liberty, or property, without due process of law."

## ISSUE ONE

The district Court abuse its discretion by proceeding to the trial about six (6) days after ruling on Fourth, Fifth, and Fourteenth Amendment pretrial motions base on the prong of First Amendment to the United States Constitution that, Congress shall not make no law abridging the Freedom to Petition the government for a redress of the grievance, and on the prong of the Fifth Amendment to the United States Constitution that no person shall be deprived of life, liberty, or property without due process of law.

## STANDARD OF REVIEW

The availability of Interlocutory appeal review and relief under the saving clause, 28 U.S.C §§ 2241, 1651; Presents matters of discretion which are reviewable for "abuse of discretion". Ruby v. Secretary of U.S Navy, 365 F. 2d; Arthur Anderson & Co. v. Finesilver, 546 F. 2d

## ARGUMENTS AND AUTHORITIES

Regarding the First Amendment to the United States Constitution Claim, the Appellant was denied the Constitutional guaranteed right "for a redress of the grievance"

The Appellant filed a Motion to Supress All Evidence and Fruit of the Tampered Evidence, ROA.25-40073.955 on December 4, 2024 (12/04/2024

The Appellant filed a Motion to Suppress All Evidence and Fruit of-the-Poinsonous- Tree, ROA.25-40073.965 on December 4, 2024 (12/04/2024)

The Appellant filed a Motion to Supress the Materials Found on Cell Phones(s) and Motion to Dismiss For Violation of U.S. Conts. Amend-IV and V on December 5, 2024 (12/5/2024), ROA.25-40073. 998.

On November 20, 2024 (11/20/2024), the Court earlier set the trial to January 13, 2025 (01/13/2025), ROA.25-40073.703

On December 11, 2024 (11/11/2024), and in the Midst of preparing For the trial on the Original Indictment, ROA.25-40073.2399, the Appellant was Indicted on the First Superseding Indictment ROA.1079.

7

The Waiver of Personal Appearance at Arraignment and Entry Of Plea of Not Guilty on the First Superseding Indictment was entered on December 16, 2024 (12/16/2024) and in less than 30-days before the trial on a different Indictment with two Counts.

On January 7, 2025, the district Court Made Its decision on the Fourth, Fifth, and Fourteenth amendment Pretrial Motions, ROA.25-40073.955, ROA.25-40073.965, and ROA.25-40073.998, in Its Ruling ROA.25-40073.2039 and denied the Appellant's Motion Seeking leave to make an offer to Proof and his objections, ROA.25-40073.1735

The district Court in Its decision granted the Appellant's ROA.25-40073.955, 965, 998 pretrial Fourth, Fifth, and Fourteenth Amendment Motion in Part and Denied in Part ROA.25-40073.2039

During the final pretrial hearing on January 8, 2025 (01/08/2025) at 11:24AM, ROA.25-40073.2062 PageID3331, the Appellant Motion for Paper hearing transcript ROA.25-40073.2017 of the previous hearings to help prepare for his defense was denied and the Appellant express his limited time to prepare for his defense and the trial

On or About January 13, 2025 (01|13|2025), Appellant's motion for 90-Days Continuance and immediate temporary Release from Custody, ROA.25-40073.2110 was denied.

The district Court intentional and willingly rushed the Appellant to Jury trial and denied him of the time required "for a redress of the grievance" of his Fourth, Fifth, and Fourteenth Amendment Pretrial Violation Claim by denial of his offer to Proof, ruling on the Mutions in about six days to the trial, denied the Appellant the required time to make his redress through the appeal remedy available and deprived the Court of Appeal its jurisdiction to review and grant the Pretrial Mutions and relief.

It is arguable in United States v. Williams, 30 F. 4th 263, despite the appellate jurisdiction, it is awkward for an appellate Court to consider run-of-the-mill pretrial evidentiary rulings that depends on the broader evidentiary Canvas of a Case. This lack of Context is typically not a Problem for the Most Common uses of Section 3731: appeals of Pretrial rulings suppressing evidence or Statements, which typically involve Self-Contained issues such as whether reasonable suspicion supported a traffic Stop-see, e.g, United States v. Wise, 877 F. 3d 209, 215 (5th Cir.

9

2017)(appeal of pretrial Fourth Amendment ruling); United States v. Cavazos, 668 f. 3d 190, 193 (5th Cir. 2012) (appeal of Pretrial Miranda ruling). In Contrast, applications of many of the federal Rules of Evidence, especially Rules 403 and 404(b), "are usually predicated on a background of interwoven fact patterns, and the facts set out in the record, either in the Indictment or affidavits accompanying the Motion, are often insufficient to permit an informed decision." Scott J. Shapiro, Note, Reviewing the Unreviewable Judge: Federal Prosecution Appeals of Mid-Trial Evidentiary Rulings, 99 Yale L. J. 905, 912 (1990) (proposing midtrial government appeals of Evidentiary rulings).

Here, the Appellant is a detainee with only access to mail. The Appellant mailed out notice of Appeal, ROA-25-40073-2308 on february 5, 2025 (02/05/2025) ROA-25-40073-2308 PageID 3000 and was docket on february 10, 2025 (02/10/2025). Say another Way, It takes average of Five (5) days to/fro the district Court for the Appellant's mail.

Assuming the Court Mail out Its decision on or about January 7, 2025 (01/07/2025), ROA-25-40073-1735, and the Appellant Presumbly received the Court's decision on or about January 12, 2025 (01/12/2025) and with the trial set for January 13, 2025 (01/13/2025) give no room for the

10

Appellant to pursue and pretrial relief and that prejudice the Appellant that he was deprived or denial of the available appeal remedy to assert his Fourth, Fifth, and Fourteenth pretrial relief because he was unable or deprived the opportunity to "redress of the grievance" at the Court of Appeal Concerning the pretrial motions.

On Appeal level, pursuant to Federal Rules of Appellate Procedure, Rule 10(b)(i), the district Court improperly denied the Appellant's requests for an Order designation record on Appeal and improperly denied the Appellant's Motion to be loaned/Furnished a Copy of the record on Appeal pursuant to the Federal Rules of Appellant procedure, Rule 28(a)(8)(A) ("Appellant's Contentions to the Authorities and parts of the record on which the Appellant relies".

This Court directed the Appellant's to the district Court Concerning the requested order designation record on appeal expecially the transcripts for the pretrial hearings held before the Magistrate Judge Amos L. Mazzant on December 19, 2025 (12/19/2025) and January 8, 2025 (01/08/2025) TO WIT: the jury trial transcript held from January 13, 2025 through January 16, 2025 (01/13/2025 - 01/16/2025), but the Appellant was denied several times with a generic responce Order Crim. ECF (Dkt. #622), depriving the Appellant proper "redress of the

11

grievance" knowing without a proper copy of the designation record on Appeal and a loaned/furnished copy, it is impossible for the Appellant to properly pursue the appeal remedy at law and tie the record to his arguments, an intentional act of improper denial access-to-court by the district Court. The Appellant needs the hearing transcripts and the trial transcripts to tie the record of his arguments on the suppressed evidence that was improperly used and the violation of the his Fourth, Fifth, and Fourteenth Amendment. The transcript properly transcribed for appellate purpose is located at the Clerk's office in the district Court

Regarding the fifth Amendment to the united states Constitution claim, the Appellant was denied the due process of law by the denial of the due process of law applicable to the intelocutory appeal remedy at law as a detained Pro se defendant with limited or no access to the resources required to make out his own defense. The Appellant is denied the possibility of Merit of Pretrial relief or due process. The Appeal notice was filed timely after the trial, the Appellant was prejudice by the denial of equal protection guarantees under the law, protection from unlawful pretrial incerceration, unlawfull search and siezure, unlawful criminal proceedings e.t.c

12

The district court abuse its discretion by improper sanction against an unlawful search and seizure and prejudice the Appellant

The Appellant argue in his objection, ROA-25-40073-1735, to the Magistrate Judge Report and Recommendation, ROA-25-40073-1320 In response to his fourth, Fifth, and fourteenth amendment motions, ROA-25-40073- 955, 965, 988, that even if the government claim that the affidavit of search and seizure warrant covers the Cell phones on the June 21, 2023 (06/21/2023) Search and seizure executed deployed at the Appellant's residence, which it does not, the government's warrantless search of the cell phones conducted far away from the Appellant's residence and days after the June 21, 2023 (06/21/2023), was unconstitutional and violate the due process, because a "2105 Dublin Court Mckinney Texas 75071", the Appellant's residence, search of the cell phones is not transformed into an extended "Controlled room", the remote location, search. Simply because the phones are transported and examine beyond "2105 Dublin Court Mckinney Texas 75071". United States v. Steward, 729 f. 3d 517, 526 (6ᵗʰ Cir. 2013)

The improper sanction against the iPhone in the Appellant's fourth, fifth, and fourteenth amendment's motions, that was later used during the trial for jury conviction as an evidence prejudice the Appellant because the iphone should have been suppressed and a reasonable Jurist in Steward's Court arguable that the IPhone should have been suppressed prior to the trial and granted in the motion.

The district Court abuse Its discretion by proceeding to the jury trial In less than 30-days after the First Superseding Indictment and In violation of 30-days speedy trial

The Appellant Is a Pro Se Inmate. The average Mailing days to/from the Court Is 10-days excluding the response days, said another way, It takes 5-days averagely For the Appellant Mails to be received by the Court from the Mailing date from the Jail, and It takes about 5-days for the Appellant to receive Mail sent from the Court, excluding the number of days It took the Court to respond.

After over 450-days Continuous detention, the government return the Firs Superseding indictment; a new indictment different from the Original Indictment and with another Count, ROA.25-40073.1079 and in less than 30-days to the trial set for January 13, 2025 (01/13/2025).

The record shows It took the district Court average minimum of two weeks to rule on a Motion, For example, the Appellant's motion to Dismiss the Indictment on the ground of Hub-and-Spoke Conspiracy, ROA.25-40073.1297 was Mailed out on December 16, 2024 (12/16/2024) ROA.25-40073.1297 PageID 2421, docket by the Court on the December 19, 2024, and ruled on by the Court on January 2, 2025 (01/02/2025), ROA.25-40073.1731, and the Appellant was never notify by Mail.

14

Between December 16, 2025 (12/16/2025) that the Waiver of Personal Appearance at Arraignment and Entry of Plea of Not Guilty was entered, ROA·40073·1160 and January 13, 2025 (01/13/2023) When the trial date was set, there were several day off for holidays e.g December 25, 2024 (12/25/2024), January 1, 2025 (01/01/2025), There was minimum of two (2) days holiday.

The Appellant, a Pro se defendant, and an inmate with limited or no access to minimum resources to make out his own defense was charged in two Counts, of Conspiracy to Commit Wire Fraud in Violation of 18 U·S·C §1349, and Conspiracy to Commit Money Laundering in Violation of 18 U·S·C §1956(h) because he "Control and Manage" businesses and Corporations and because he was the Sole Signer of to his related businesses and Corporations.

These allegations requires documents, records, receipts, business records declarations, IRS Tax return records e.t.c to prove innocense and Such records Could take over two (2) Weeks to get from the banks, IRS, Related Businesses and Corporations Vendors and Customers expecially when the records and documents are over two years old. Many of these records are unrecoverable because of death, Missing, age of the Custodian and the record. The question presented here is HOW COULD A DETAINED PRO SE DEFENDANT MAKE OUT HIS DEFENCE IN THAT SHORT PERIOD OF TIME AND DURING THE HOLIDAYS? It IS IMPOSSIBLE!

15

The sole purpose of pretrial motions pursuant to Rule 12(b)(c) of the Federal Rule of Criminal Procedure is to provide a defender the opportunity to raise "pretrial motion" any defense that the court can determine without a trial on the merit and under Rule 12(d), the court must resolved "every" pretrial motion before trial "unless it finds good cause to defer a ruling" and deferral will not "adversely affect a party's right to appeal."

Here, the right to appeal the Fourth, Fifth, and Fourteenth amendment Motions is adversely affected and the court knowing that the Defendant is a pro se inmate, and there were several holiday days off within the 30-days frame between the indictment and the trial there is no good cause to justify not timely ruling on the motions or not to continue the trial as requested by the appellant in ROA.25-40073.2110, and the whole proceeding jeopardized the merit of pretrial motions and relief, threating leaving one to believe that the district court assumed conviction before the trial, treating the Appellant as a second class citizen, proceeded to the trial for formality and with no regard for due process and justice because ~~the Appellant is~~ of the Appellant's ethic and nationality as a Nigerian

The Appellant argues in his speedy trial Motions ROA·25-40073.
1050, ROA-25-40073 - -2090, 2121, 2131, the Court's Violation
Of the speedy Trial Act, Yet the Court Prejudicialy ignore the
Appellants facts and proceeded to the trial with no regards of
the law, due process and the rules.

## CONCLUSION

WHEREFORE, based on the foregoing facts, arguments, and authorities, Mr. Olamide Olatayo Bello respectfully requests that this honorable Court vacate the conviction/sentencing, remanded the case for the entry of Judgements of acquittal, and for an immediate release from the custody, alternatively, for an order compelling the district court to vacate the conviction/sentencing and remand the case for the entry of Judgments of acquittal and for an immediate release from the custody, and for all other relief law and justice may allow.

Respectfully submitted on this 7 day of July 2025

Mr. Olamide Olatayo Bello

## CERTIFICATE OF SERVICE

I hereby certify that this brief was served upon the Clerk of Court via, U.S. Mail, properly addressed, and affixed thereto. Mr. Olamide Olatayo Bello respectfully requests that a copy be served on all parties to this proceeding via CM/ECF system.

Respectfully submitted on the 7 day of July 2025

/ MR. OLAMIDE OLATAYO BELLO

18



FOREVER / USA

Olamide Olatoyo Bello
#G5100510  A12-04
Fannin County Jail
2389 Silo Road
Bonham, TX 75418

The Clerk
United States Court of Appeals
Fifth Circuit
600 S. Maestri Place,
Suite 115
New Orleans, LA 70130

FANNIN COUNTY JAIL
OUT GOING MAIL

Legal Mail
07/07/2025
please mail, deliver, and docket
Mail's Notice Missing

Bello A12-4
DFH

Bello A12-4
DFH

Bello A12-4
DFH

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2022

FSC
MIX
Envelope
FSC® C131731

Record On Brief

This Brief is based on this document, on the Portions
of the Designation of record on Appeal on file, on the Part of
transcript of the Jury trial on the Criminal Case 4:23CR136(1)
held on January 13, 2025 (01113/2025) through January 16, 2025
(01116/2025), on the Part of transcript of the Pretrial
hearings held on December 19, 2025 (12/19/2025) and final
Pretrial Conference hearing held on January 8, 2025 (01/08/2025),
and to be on file/record as soon as the district Court made
it available as Part of the Designation of record on Appeal,
and on the attached Certificate of Service. The Appellant
has been Prejudicelly denied improperly the request for the
Supplement Designation of record on Appeal after Several
requests/motions to the district Court

Date:
Respectfully Submitted,

Mr. Olamide Olatayo Bello

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN