No. 25-40073

_____

# In the United States Court of Appeals for the Fifth Circuit

_____

United States of America,

                  Plaintiff-Appellee,

v.

Olamide Olatayo Bello,

                  Defendant-Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Texas
Sherman Division
No. 4:23-cr-136-1

**Appellee United States of America's
<u>Motion to Dismiss Appeal</u>**

### Introduction

By statute and settled practice, this Court (with some exceptions not applicable here) has jurisdiction only over final orders and judgments. A defendant in a criminal case must wait to file an appeal of the final

1

judgment. All interlocutory orders merge into the judgment and remain reviewable.

Defendant Olamide Olatayo Bello, proceeding pro se, has flouted those rules. He's filed serial notices of appeal challenging the district court's rulings in his criminal case as they have come down. The result is piecemeal litigation run amok: there have been five interlocutory appeals related to the same underlying criminal case filed in this Court, four of which remain pending. *See* Appeal Nos. 24-40751 (dismissed), 24-40839, 25-40043, 25-40073, and 25-40162. Only recently, on July 24, 2025, the district court sentenced Bello and entered final judgment. On August 5, 2025, Bello filed a notice of appeal of the judgment. This time, rather than opening another (sixth) appeal, the Clerk of this Court filed that notice of appeal in Appeal No. 25-40043.

The Court should dismiss Appeal Nos. 24-40839, 25-40073, and 25-40162, all of which involve challenges to interlocutory orders of the district court. Because the Clerk has added Bello's notice of appeal of the final judgment to Appeal No. 25-40043, the Court should allow that appeal to proceed, with Bello to file one brief in which he will be able to press all of his claims related to his criminal case.

## BACKGROUND

**A.  Basic facts about the criminal case**

A grand jury indicted Bello and 10 others on charges of conspiracy to commit wire fraud, 18 U.S.C. § 1349 (count one), and conspiracy to commit money laundering, 18 U.S.C. § 1956(h) (count two). Bello was tried from January 13-16, 2025. The jury found him guilty as charged on both counts. On July 24, 2025, the district court sentenced Bello to serve 240 months' imprisonment on count one and 120 months on count two. EDTX No. 4:23-CR-136-1, Dkt. No. 724. The court ordered that 53 months on count two run consecutively to count one, with the remaining 67 months on count two to run concurrently with count one. *Id*. This resulted in a total prison sentence of 293 months. *Id*. The court entered a judgment of conviction on July 24, 2025. *Id.*

**B.  The interlocutory appeals**

Bello filed at least five separate notices of appeal designating various interlocutory orders as the orders appealed from. These notices spawned the following five appeals in this Court:

   **1.  *U.S. v. Bello*, No. 24-40751**

   - **Order(s) appealed from:** Order denying Bello's motions to dismiss the first superseding indictment

- **Appeal status:** On April 8, 2025, this Court granted the government's motion to dismiss the appeal for lack of jurisdiction.

2. *U.S. v. Bello*, **No. 24-40839**

    - **Order(s) appealed from:** The notice of appeal designates at least 26 orders (mostly oral orders) of the district court denying various pretrial motions Bellow had filed, including multiple motions to dismiss the indictment, for a bill of particulars, for severance, etc.

    - **Appeal status:** On July 22, 2025, Bello filed an 89-page appellant's brief (Dkt. No. 55). On July 29, 2025, the Clerk denied Bello's motion to file a brief in excess of the page limit (Dkt. No. 54).

3. *U.S. v. Bello*, **No. 25-40043**

    - **Order(s) appealed from:** The district court's January 15, 2025 oral denial of Bello's Rule 29 motion for judgment of acquittal and January 2, 2025 order denying motion to sever

    - **Appeal status:** Appeal pending, no briefing schedule issued

4. *U.S. v. Bello*, **No. 25-40073**

    - **Order(s) appealed from:** Various district court orders denying in whole or in part Bello's motions to suppress, to dismiss the indictment, and for requested jury instructions

    - **Appeal status:** Appellant's brief filed on July 15, 2025. On July 22, 2025, the Court suspended briefing pending a ruling on the motion to proceed in forma pauperis.

5. *U.S. v. Bello*, **No. 25-40162**

- **Orders appealed from**: The district court's order of January 6, 2025 denying one of Bello's many motions to dismiss the indictment

- **Appeal status:** Appeal pending; briefing notice issued August 6, 2025

## C. The appeal of the final judgment

On August 5, 2025, Bello filed a notice of appeal of the final judgment. On August 6, 2025, the Clerk of this Court entered that notice of appeal in the docket of Appeal No. 25-40043. *See* Appeal No. 25-40043, Dkt. No. 46.

## ARGUMENT

This Court has jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory orders not applicable here, 28 U.S.C. § 1292. The Supreme Court "has long held that the policy of Congress embodied in [section 1291] is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation[.]" *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982). "[T]his policy is at its strongest in the field of criminal law" because "[p]romptness in bringing a criminal case to trial has become increasingly important as crime has increased, court dockets have swelled, and detention facilities have become overcrowded." *Flanagan v. United States*, 465 U.S. 259, 263-64 (1984). "Th[e]

insistence on finality and prohibition of piecemeal review discourage undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases." *DiBella v. United States*, 369 U.S. 121, 124 (1962).

As set forth above, Bello has filed five separate notices of appeal of the district court's interlocutory orders in his criminal case, four of which remain pending.[1] On January 24, 2025, the district court sentenced Bello and entered a judgment of conviction. On August 5, 2025, Bello filed a notice of appeal of the judgment, which has been docketed in Appeal No. 25-40043.

"[A]ll interlocutory orders of the district court leading up to the judgment merge into the final judgment and become appealable at that time." *Meadaa v. K.A.P. Enterprises*, LLC, 756 F.3d 875, 879 (5th Cir. 2014) (cleaned up); *see also* 15B WRIGHT & MILLER, Federal Practice and Procedure § 3914.28 (2d ed.) ("Upon appeal from a final judgment concluding the action, earlier summary dispositions merge in the judgment and are reviewable."). Bello will thus now have an opportunity to challenge his conviction and sentence, and any interim decisions of the district court, in Appeal No. 25-40043. He should be required to present all

---

[1] On April 8, 2025, this Court granted the government's motion to dismiss Appeal No. 24-40751 for lack of jurisdiction.

of his claims relating to his criminal case in one brief in that appeal. *See United States v. Bailey*, 512 F.2d 833, 836 (5th Cir. 1975) (noting "the long standing statutory policy against piecemeal appeals"). To avoid piecemeal litigation and promote efficiency and justice, the Court should dismiss the rest of Bello's pending appeals: Nos. 24-40839, 25-40073, and 25-40162.[2]

## Conclusion

The Court should dismiss this interlocutory appeal.

---

[2] This is similar to what this Court did in *In re Olamide Olatayo Bello*, No. 25-40214. Bello had filed five petitions for mandamus in this Court related to his criminal case. The Court sua sponte consolidated all five actions and denied them all in one order, noting that "Bello has an available appellate remedy to challenge the district court's jurisdiction, its pretrial orders, the jury verdict, and the underlying criminal charges[.]" Unpublished Order at 2, No. 25-40214 (consolidating Nos. 25-40217, 25-40222, 25-40334, 25-40346) (June 24, 2025).

Respectfully submitted,

Jay R. Combs
Acting United States Attorney
Eastern District of Texas

*/s/ Bradley Visosky*
Bradley Visosky
Assistant United States Attorney
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201

### CERTIFICATE OF CONFERENCE

Because Mr. Bello filed this appeal and his brief pro se, the undersigned has not conferred with him.

*/s/ Bradley Visosky*
Bradley Visosky

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

On August 7, 2025, I will serve two copies of this motion on Mr. Bellow by sending it to him by certified mail/return-receipt requested, at the following address:

Olamide Olatayo Bello
Fannin County Jail
2389 Silo Road
Bonham, Texas 75418

*/s/ Bradley Visosky*
Bradley Visosky

## C<small>ERTIFICATE OF</small> C<small>OMPLIANCE</small>

1. This motion complies with the length limits of Fed. R. App. P. 27(d)(2)(A). It contains 1,207 words, excluding the parts exempted.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). It was prepared using Microsoft Word in a proportionally spaced typeface in 14-point size.

*/s/ Bradley Visosky*
Bradley Visosky