No. 25-40073

———————

# In the United States Court of Appeals for the Fifth Circuit

———————

UNITED STATES OF AMERICA,

                                Plaintiff-Appellee,

v.

OLAMIDE OLATAYO BELLO,

                                Defendant-Appellant.

———————

On Appeal from the United States District Court
for the Eastern District of Texas
Sherman Division
No. 4:23-cr-136-1

RESPONSE OF THE UNITED STATES IN OPPOSITION TO BELLO'S MOTION FOR BAIL PENDING APPEAL/MOTION TO "SQUASH" THE CRIMINAL PROSECUTION

———————

## INTRODUCTION

Bello conspired with at least 10 others to submit fraudulent applications for loans under government programs designed to help small businesses in what was believed to a be a short-term economic crisis brought by the Covid-19 pandemic. ROA.28834-28844. After the conspirators received the fraudulently obtained loan proceeds, Bello received a kickback of the funds. ROA.28835. Bello caused an aggregate

1

of $3,547,068 in actual loss to the Small Business Administration, with a total intended loss amount of $4,202,417. ROA.28835.

A grand jury indicted Bello and 10 others on charges of conspiracy to commit wire fraud, 18 U.S.C. § 1349 (count one), and conspiracy to commit money laundering, 18 U.S.C. § 1956(h) (count two). ROA.1079-99. Bello was tried from January 13-16, 2025. ROA.35-36. The jury found him guilty as charged on both counts. ROA.2172. On July 24, 2025, the district court sentenced Bello to serve 240 months' imprisonment on count one and 120 months on count two. The court ordered that 53 months on count two run consecutively to count one, with the remaining 67 months of count two to run concurrently with count one. This resulted in a total prison sentence of 293 months. The court entered a judgment of commitment on July 24, 2025. EDTX No. 4:23-cr-136-1, Dkt. No. 743.[1]

On August 4, 2025, Bello filed in the district court an "emergency"

---

[1] Bello filed the notice of appeal that launched this appeal number on February 10, 2025, long before he was sentenced and the district court entered judgment on July 24, 2025. Accordingly, neither the judgment nor any post-judgment filings are included in the electronic record on appeal. Accordingly, the government cites the court papers from the district court's docket.

On August 5, 2025, Bello filed a notice of appeal of the judgment, which the Clerk of this Court opened in another of Bello's pending appeals — No. 25-40043. On August 7, 2025, the government filed a motion asking the Court to dismiss this interlocutory appeal (No. 25-40073) and others Bello has filed (Nos. 24-40839, 25-40162) and to require Bello to present all his claims relating to his criminal case in one brief in Appeal No. 25-40043, which includes an appeal of the judgment. *See* Dkt. No. 74. The Court has granted the government's motion to dismiss in Appeal No. 24-40839, but the motions in this appeal and 25-40162 remain pending.

motion to stay execution of the judgment and commitment order and for immediate release from custody pending appeal. *Id.* at Dkt. No. 743. That same day, the district court entered a one-line denial of that motion, among others Bello had filed. *Id.* at Dkt. No. 746.

## LEGAL STANDARDS FOR RELEASE PENDING APPEAL

The Bail Reform Act of 1984 created a presumption against bail pending appeal and imposed a "substantial" burden on defendants to overcome that presumption. 18 U.S.C. § 3143(b); *see also United States v. Silver*, 203 F. Supp. 3d 370, 376 (S.D.N.Y. 2016) (unpublished) (citing *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004)). To do so, a defendant must establish, by clear and convincing evidence, that (1) he isn't likely to flee or pose a danger to the safety of any other person or the community if released; (2) the appeal is not for purpose of delay; (3) the appeal raises a substantial question of law or fact; and (4) if that substantial question is determined favorably to him on appeal, such favorable decision is likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143; *see also United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985).

A question is "substantial" if it is a "'close' question or one that very well could be decided the other way." *Valera-Elizondo*, 761 F.2d at

1024. There must be "a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." *Id.*; *see also United States v. Clark*, 917 F.2d 177, 180 (5th Cir. 1990) (an "allegation of error" should be "so convincing as to indicate that [the defendant] has a substantial chance of prevailing" (quotation omitted)). And even when a defendant presents a substantial question, the alleged error must "so taint the conviction that it is *more probable than not* that reversal will be required." *Valera-Elizondo*, 761 F.2d at 1024 (emphasis in original); *see id.* at 1024-25 & n.7 (accepting interpretation of "likely" reversal and noting that it accords with a dictionary definition). In that sense, the issue must be critical to the case; harmless or insufficiently preserved errors will not suffice. *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985).

Thus, Bello's conviction is "presumed correct" and he must show, by clear and convincing evidence, that his appeal raises a substantial question of law or fact likely to end in reversal, a new trial, a sentence that doesn't include imprisonment, or a sentence shorter than "the time already served plus the expected duration of the appeal." 18 U.S.C. § 3143(b)(1)(B). The statutory burden demonstrates Congress's desire "to limit, indeed substantially limit, the availability of bail pending appeal." *Valera-Elizondo*, 761 F.2d at 1024-25; *see* S. Rep. 98-225, 1984 U.S.C.C.A.N. 3182, 3209 (under the Bail Reform Act of 1984, "[o]nce guilt of a crime has been established in a court of law, there is no reason

to favor release"). And if Bello fails to rebut the presumption, "he is not entitled to release." *Clark*, 917 F.2d at 181.

The Federal Rules of Appellate Procedure require the district court to make the first determination on an application for release after conviction. Fed. R. App. P. 9(b). And while a circuit court "is free to make an independent determination on the merits", "the district court's conclusion is entitled to 'great deference.'" *United States v. O'Keefe*, 169 F.3d 281, 281 (5th Cir. 1999) (collecting cases).

## ARGUMENT

Bello has failed to address, let alone establish by clear and convincing evidence, any of the required factors — that he is not likely to flee, that this appeal is not for delay, that he raises a substantial question of law or fact, or that a favorable outcome is likely to result in reversal and a new trial or a sentence to a term of imprisonment less than the time he has served plus the expected duration of the appeal. His motion for immediate release and bail is largely incomprehensible and does not grapple with the charges against him or the evidence produced at trial demonstrating his guilt. He raises no discernible issue of fact or law that would upset his conviction or sentence. The Court should deny the motion for bail pending appeal.

The Court should also deny Bello's request to "squash" the criminal prosecution entirely. There is no procedural vehicle in the Federal Rules of Appellate Procedure for such a motion. In any event,

Bello's accusation that the government committed a "hate crime" by prosecuting this case because Bello is from Nigeria is outrageous and unsupported. Bello Motion at 10. Bello cites the FBI case agent's testimony at the detention hearing during which the agent presented a general overview of the conspiracy and Bello's involvement in it. The agent explained that in recruiting others to receive loans through government programs, even though the companies associated with those individuals did not have revenues or payrolls to support the loans, Bello targeted fellow Nigerians with whom he had an existing business or personal relationship. ROA.2329-30. The FBI agent was simply explaining the context in which Bello selected his co-conspirators.

In fact, the evidence showed that it was Bello who injected his nationality into the case. After his arrest and initial appearance, Bello sent at least two co-defendants a document stating, among other things, that "You are all Nigerians" and Nigerians do not "bite each other", *i.e.*, they don't talk to law enforcement. ROA.2432-2437. The probation office accordingly concluded, in part based on this and other similar conduct, that Bello willfully obstructed justice. ROA.28844.

## Conclusion

The Court should deny Bello's motion for bail pending appeal and to "squash" the prosecution.

Respectfully submitted,

JAY R. COMBS
   Acting United States Attorney
   Eastern District of Texas

/s/ Bradley Visosky
BRADLEY VISOSKY
   Assistant United States Attorney
   101 E. Park Blvd., Suite 500
   Plano, Texas 75074
   (972) 509-1201

## CERTIFICATE OF SERVICE

On September 2, 2025, I will serve two copies of this response on Mr. Bello by sending it to him by certified mail/return-receipt requested, at the following addresses:

Olamide Olatayo Bello
65100-510
Fannin County Jail
2389 Silo Road
Bonham, Texas 75418

Olamide Olatayo Bello
65100-510
Cimarron Correctional Facility
3200 S. Kings Highway
Cushing, OK 74023

Olamide Olatayo Bello
65100-510
FCI Seagoville
Federal Correctional Institution
P.O. Box 9000
Seagoville, Texas 75159

/s/ Bradley Visosky
Bradley Visosky

7

## CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 32(g), I certify that the foregoing response was prepared in a 14-point, proportionally spaced, serif font (Century Schoolbook), with footnotes appearing in 12-point type; the response was drafted in Microsoft Word for Office 365; the response contains 1,370 words, as counted by Microsoft Word and excluding the parts exempted by Fed. R. App. P. 32(f); and, accordingly, the response complies with Fed. R. App. P. 27(d).

/s/ Bradley Visosky
BRADLEY VISOSKY
